UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE SYKES, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. RIOS, et al., <br><br> Defendants. | Case No. 1:24-cv-01401-HBK (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO IGNORE FILING FEE PAYMENT REQUIREMENT <br><br> (Doc. No. 4) |

Pending before the Court is Plaintiff's "Motion in Equity to Ignore Filing Fee Requirements for Attached Bivens Civil Rights Complaint" filed November 15, 2024. (Doc. No. 7, "Motion"). Plaintiff's Motion numbers 54 pages plus an additional 33 pages of exhibits. (*See id.*). Plaintiff is a federal prisoner proceeding on his pro se complaint filed pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). (Doc. No. 1). On November 15, 2024, the Court ordered Plaintiff to file a Motion to Proceed *in forma pauperis* or pay the $405.00 filing fee. (Doc. No. 3).

In his Motion, Plaintiff recites at length facts pertaining to his arrest and prosecution in New York State more than 20 years ago and contends that he is being wrongly detained following a fraudulent prosecution and illegal sentencing. (*See generally* Doc. No. 4). Plaintiff argues that

he is being "falsely and illegally detained in the defendant(s) custody through a straw man[1] and without any judgment issuing from a court of justice to the defendant(s) to execute against his natural person, and he is therefore not a prisoner for Prison Litigation Reform Act (PLRA) purposes . . . ." (*Id*. at 2). Liberally construed, Plaintiff asserts that under general equity principles he should be exempt from the filing fee and IFP requirements of the PLRA because his incarceration is illegitimate.[2]

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under the PLRA, despite being granted *in forma pauperis* status, all prisoners must pay the full amount of the fee. *Id*. 1915(b)(1). Specifically, 28 U.S.C. § 1915(b)(1) states a prisoner plaintiff proceeding IFP "shall be required to pay the full amount of the filing fee." Notably, Plaintiff cites no apposite case law supporting his request to exempt from the PLRA's requirements and the undersigned is unaware of any binding precedent requiring this Court to waive the statutory filing fee.[3]

The Court has not yet conducted a screening of Plaintiff's Complaint under 28 U.S.C. § 1915A to determine whether the operative complaint is deficient, appropriate for service, or requires further amendment. Consequently, to the extent Plaintiff does not wish to pay the filing fee for this action, Plaintiff may choose to voluntarily dismiss this action before the Court conducts its § 1915A screening. To voluntarily dismiss this action, Plaintiff must file a Notice of

---

[1] The Court notes that Plaintiff appears to be utilizing language and concepts embraced by the sovereign citizen conspiracy theory, which generally refutes the legitimacy of government institutions and believes that a "straw man" is created for each citizen, separate and apart from their natural person, as part of a secret government takeover. *See, e.g., La Vell Harris v. Cnty. of Lake*, 2021 WL 2170138, at *1, n.1 (N.D. Cal. May 10, 2021), report and recommendation adopted sub nom. *Harris v. Cnty. of Lake*, 2021 WL 2170135 (N.D. Cal. May 25, 2021); *see also Caetano v. Internal Revenue Serv*., 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023), report and recommendation adopted, 2023 WL 4087634 (E.D. Cal. June 20, 2023) (collecting cases and noting that the "Redemptionist" theory adopted by sovereign citizen ideology is a "frivolous legal theory that has been rejected by countless federal courts").

[2] To the extent Plaintiff challenges the fact of his confinement, he must file a habeas corpus petition, instead of a civil complaint.

[3] A preliminary review of prior cases filed by Plaintiff in the Western District of New York, Middle District of Pennsylvania, and Northern District of West Virginia, indicates Plaintiff may be ineligible to proceed *in forma pauperis* due to his three strike status under the Prison Litigation Reform Act.

Voluntary Dismissal Under Federal Rule of Civil Procedure 41,[4] and advise the Court that he wishes to dismiss this action.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Ignore Filing Fee Payment Requirements (Doc. No. 4) is **DENIED**.

2. **No later than December 20, 2024**, Plaintiff must either pay the $405.00 filing fee or submit a complete application to proceed *in forma pauperis*.  Plaintiff may use the application to proceed *in forma pauperis* provided with the Court's November 15, 2024 Order.

3. If Plaintiff no longer wishes to litigate this action, he may file a Notice of Voluntary Dismissal Under Federal Rule of Civil Procedure 41.

4. If Plaintiff fails to either pay the $405.00 filing fee or submit a complete application to proceed *in forma pauperis*, the undersigned will recommend the District Court dismiss the action as a sanction for Plaintiff's failure to prosecute and comply with court orders consistent with Local Rule 110.

Dated:     December 4, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] A party may voluntarily terminate an action by operation of law without order from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(i).