UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE SYKES, JR., | Case No. 1:24-cv-01401-KES-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | (Doc. No. 6) |
| M. RIOS, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion to Correct Status of Claimant and Strike the First Informational Order from the Record" filed December 6, 2024.  (Doc. No. 6, "Motion"). Plaintiff proceeds in the above-captioned action on his pro se complaint filed pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971).  (Doc. No. 1).

Plaintiff contends, despite being confined in the United States Penitentiary, Atwater, that he is not a prisoner or civil detainee as referenced by the Court in its First Informational Order. (*See generally* Doc. No. 6).  Plaintiff claims he was "seized and detained through fraud and corruption committed by law enforcement officers and officers of the court" and requests this Court to correct his status to reflect that he is not a prisoner, and to strike the Court's November 15, 2025 First Informational Order that refers to Plaintiff as a prisoner for purposes of this action. (*Id.*).

The Court takes judicial notice[1] that, in October 2006, a jury in the Western District of New York (W.D.N.Y.) found Plaintiff guilty of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) ("Count One"); possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a) ("Count Two"); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ("Count Four"). (Case No. 6:05-cr-06057-CJS-MWP, Jury Verdict, Oct. 6, 2006, Crim. Doc. Nos. 133 & 134). Further, the W.D.N.Y court of conviction entered judgment and sentenced Plaintiff in March 2007 to concurrent mandatory minimum sentences of life imprisonment for Count One, 240 months (twenty years) for Count Two, and 120 months (ten years) for Count Four. (Crim. Doc. No. 150). In May 2020, the W.D. N.Y. court of conviction reduced Plaintiff's sentences under the First Step Act to 360 months (30 years) for Count One, and 36 months (3 years) for Count Two, to run concurrent to the 120 months (ten years) for Court Four. (Crim. Doc. No. 288). Under the federal Prisoner Litigation Reform Act ("PLRA"), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Consequently, despite Plaintiff's protestations to the contrary, Plaintiff is incarcerated and thus falls within the definition of "prisoner" as defined by the PLRA.

Accordingly, it is **ORDERED**:

Plaintiff's Motion (Doc. No.6) is DENIED.

Dated:   December 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c). It is well established that a court can take judicial notice of its own files and records under Rule 201. *Molus v. Swan*, No. 05cv452–MMA (WMc), 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009).