UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE SYKES, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M. RIOS, et al.,<br><br>Defendants. | Case No. 1:24-cv-01401-KES-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND PROSECUTE[1]<br><br>14-DAY DEADLINE |

Plaintiff Terrance Sykes, Jr. is a federal inmate proceeding pro se in this civil action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action without prejudice for Plaintiff's failure to comply with court orders and prosecute this action.

**BACKGROUND**

On November 15, 2024, Plaintiff filed his civil rights complaint pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). (Doc. No. 1). Plaintiff neither paid the filing fee nor accompanied his complaint with an application to proceed *in forma pauperis* ("IFP"). (*See* docket). Accordingly, the same day, the Court issued an Order directing Plaintiff within thirty (30) days to either pay the $405.00 filing fee or submit an enclosed IFP application. (Doc. No. 3).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

The Court specifically advised Plaintiff that if he failed to timely respond to the Order or seek an extension of time to do so, the undersigned would recommend the Court dismiss this case for his failure to comply with a court order and/or prosecute this action." (*Id*. at 1).  Plaintiff filed a "motion in equity" seeking exemption from the filing fee requirement and the Prison Litigation Reform Act ("PLRA") on the basis that his incarceration is illegitimate.  (Doc. No. 4).   On December 4, 2024, the Court denied the motion but afforded Plaintiff until December 20, 2024 to either pay the filing fee or file an application to proceed *in forma pauperis*.  (Doc. No. 5).  The Court again expressly warned Plaintiff that if he failed to either pay the $405.00 filing fee or submit a complete application to proceed *in forma pauperis*, the undersigned will recommend the District Court dismiss the action as a sanction for Plaintiff's failure to prosecute and comply with court orders consistent with Local Rule 110.  (*Id*. at 3 ¶ 4).[2]  As of the date of these Findings and Recommendations, Plaintiff has not paid the $405 filing fee nor applied to proceed *in forma pauperis* and the time to do so has expired.  (*See* docket).

## APPLICABLE LAW

### A.  Plaintiff's is Required to Pay the Filing Fee

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The fee is not waived for prisoners, however.  If granted leave to proceed IFP, a prisoner nevertheless remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[2] On December 20, 2024, the Court again denied Plaintiff's request to correct his "prisoner" status, taking judicial notice of Plaintiff's Western District of New York conviction and his present incarceration as satisfying the statutory definition of "prisoner" as set forth in the PLRA.  42 U.S.C. § 1997e(h).  (Doc. No. 9).

2

The Court advised Plaintiff that for this case to proceed further, he must pay the $405.00 filing fee or submit an IFP application within 30 days of receiving the November 15, 2024 Order. (*See* Doc. No. 3). The Court then afforded Plaintiff until December 20, 2024 to pay the filing fee or submit an IFP application. (Doc. No. 5). Because Plaintiff has failed to either pay the filing fee of $405.00 or submit a IFP application, Plaintiff's case may be dismissed without prejudice. *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees).

### B. Failure to Prosecute

Alternatively, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on

multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Both the November 15, 2024 and December 6, 2024 Orders directing Plaintiff to submit an IFP application or pay the filing fee expressly warned Plaintiff that his failure to timely comply would result in a recommendation of dismissal of this action for his failure to prosecute this action and as a sanction under the Court's Local Rules. (*See* Doc. No. 3 at 1, Doc. No. 5 at 3, ¶ 4). Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice.

////

////

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

5

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   January 6, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE